CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2011 OCT -7 AM 11: 31

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ROBERT HOWELL, PRO SE, <br> also known as JERRY HELTON, <br> also known as EDWARD HELTON, <br> also known as JEFF BROWN, <br> TDCJ-CID No. 1578741, <br><br> Plaintiff, <br><br> v. <br><br> RICK PERRY, Governor of the State of Texas; <br> BRAD LIVINGSTON, Director of TDC; <br> MICHAEL D. SAVERS, Warden; and <br> NFN LEE, Lt.; <br><br> Defendants. | 2:11-CV-0163 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff ROBERT HOWELL, acting pro se and while a prisoner incarcerated at the Baten Intermediate Sanction Facility, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges defendant LEE was the hearings officer who found him guilty on a charge of possession of contraband when he was discovered to be in possession of two diet cards, one of which was his own and one of which he said he had found in the chow hall. Plaintiff states that, at his hearing, defendant LEE said she had seen him use the contraband card, and, when he showed her his own diet card, she said it didn't matter for she was going to find him guilty anyway.

Plaintiff complains he was sentenced to 15 days of recreation restriction and was moved

to another dorm where the recreational opportunities, such as television, games, and books were removed, and where no hot pot and no telephone privileges were available. Plaintiff says the dorm could have held 44 inmates but contained only 12 inmates who were on recreation restriction.

Plaintiff requests an award of $1,000,000.00, as well as costs, and that defendant LEE be investigated.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

## THE LAW AND ANALYSIS

To the extent plaintiff is demanding employment action of any sort against defendant LEE, the federal courts are not personnel directors of state prison systems, and such relief is unattainable in this action. *See, Maxton v. Johnson,* 488 F.Supp. 1030, 1032, n. 2 (D.S.C.1980), citing *United States v. White County Bridge Commission,* 275 F.2d 529, 535 (7th Cir.) (a federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court), *cert. denied sub nomine, Clippinger v. United States,* 364 U.S. 818, 81 S.Ct. 50, 5 L.Ed.2d 48 (1960).

Plaintiff complains defendant LEE placed him "in a segergarted pod with all [his] rights and privaledges taken."

In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(quoting *Hudson v. Palmer,* 468 U.S. 517, 526-527, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)). *See, also, Newman v. Alabama,* 559 F.2d 283, 286 (5th Cir. 1977)(state must furnish its prisoners with reasonably adequate food). While there is no static test to determine whether conditions of confinement are cruel and unusual, punishment rises to the level of an Eighth Amendment violation only if it involves an "'unnecessary and wanton infliction of pain.'" *Talib v. Gilley,* 138 F.3d 211, 214 (5th Cir. 1998)(quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(*Estelle* quoting *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)).

3

"Only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficient grave to form the basis of an Eighth Amendment violation." *See, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). To the extent prison conditions are merely harsh or restrictive, "they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). As Chief Justice Rehnquist, writing as a Circuit Justice, remarked, "[i]n short, nobody promised [inmates] a rose garden; and I know of nothing in the Eighth Amendment which requires that they be housed in a manner most pleasing to them, or considered even by most knowledgeable penal authorities to be likely to avoid confrontations, psychological depression, and the like." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16, 101 S.Ct. 829, 831, 66 L.Ed.2d 785 (1981). Inmates may only expect that the society they once abused will provide them with constitutionally adequate confinement, not "the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988)(quoted with approval in *Wilson v. Lynaugh*, 878 F.2d 846, 849 n.5 (5th Cir. 1989).

The deprivation of which plaintiff complains, fifteen days of no television, books, games, hot-pot, or telephone privileges, does not constitute cruel and unusual punishment. The facts alleged by plaintiff fail to show he was not provided with the 'minimal civilized measure of life's necessities." This claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to defendant's conduct as the disciplinary officer of plaintiff's case, plaintiff does not allege any fact showing his rights were violated in that connection. It is settled law that federal courts do not review the sufficiency of evidence at a disciplinary hearing, and sufficient support

4

for a finding of guilt is provided by "some facts" or "any evidence at all." *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986), *cert. denied*, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986); *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982). Plaintiff has pled he picked up someone else's lost diet card which was later found in his possession. There was clearly "some evidence" to support defendant LEE's determination of guilt.

More importantly, the due process clause "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *See Sandin*, 515 U.S. at 478. Disciplinary restrictions that alter the conditions of confinement do not implicate due process protection unless they represent the type of atypical, significant deprivation which constitutes a liberty interest that is protected by due process. *See id.* at 486; *Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768. A possible adverse effect on parole considerations for Plaintiff's state conviction is too speculative to create a liberty interest. *See Sandin*, 515 U.S. at 487. Additionally, due process protections are not invoked by a thirty-day loss of commissary privileges, *Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768, or a temporary or short-term loss of telephone privileges, *see Boriboune v. Litscher*, 91 Fed. App'x 498, 500 (7th Cir.2003); *Aybar v. Gunja*, No. 4:08-CV-0286, 2008 WL 2323774, at *3 (N.D.Ohio June 4, 2008); *Mays v. Reese*, No. 5:04-CV-220-DCB, 2006 WL 3877391, at *2 (S.D.Miss. July 18, 2006) (recommendation of Mag. J.), adopted by unpub. order (S.D.Miss. Jan. 5, 2007). "Inmates have no constitutional right to be housed in a particular prison facility, *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir.2000), and preferred housing is not an interest protected by due process, *see Taylor v. Jagers*, 115 Fed. App'x 682, 684 (5th Cir.2004); *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir.1988); *O'Callaghan v. Anderson*,

514 F.Supp. 765, 768 (M.D.Pa.1981). Finally, "[i]nmates have no protectable property or liberty interest in custodial classifications", *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir.1999), and prison employment is not protected by due process, *DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir.2000); *Dudgeon v. Frank,* No. 04-75, 2004 WL 1196820, at *3 (W.D.Wis. May 26, 2004).

A prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)).

The disciplinary restrictions imposed on plaintiff are typical deprivations that are not protected by due process. Plaintiff's claim in this respect lacks an arguable basis in law and is frivolous. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, the Court notes plaintiff claims defendant PERRY is "in charge" of T.D.C.J., defendant LIVINGSTON is "responsible for the empolee [sic] of TDC", and defendant SAVERS is the boss of the Lt. Lee . . . ." Plaintiff's claims against defendants PERRY, LIVINGSTON, and SAVERS are based upon the supervisory capacities of these defendants and their failure to correct the alleged wrong; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones,* 641 F.2d 345, 346 (5th Cir.1981) (per curiam ). Plaintiff has alleged no fact demonstrating personal

6

involvement by these officials and has alleged no fact showing any causal connection between their acts or omissions and the alleged constitutional violation. Consequently, plaintiff's claims against these defendants lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

IT IS THEREFORE ORDERED:

The Civil Rights Complaint filed by plaintiff ROBERT HOWELL is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.

It is SO ORDERED.

Signed this the 7th day of October, 2011.

MARY LOU ROBINSON
United States District Judge